## PEOPLE *a.* BURTNETT.

*New York Superior Court; Special Term, September,* 1861.

HABEAS CORPUS.—FORMER ADJUDICATION.

An affidavit upon an application for a habeas corpus, if the application is made to an officer residing not in the county where the petitioner is detained, but in an adjoining county, must explicitly state that there is no officer in the former county, other than the county judge, authorized to grant the writ. It is not sufficient to state that the deponent could find none.

Such affidavit is also objectionable, if made several days previous to the day on which it is used.

The principle of *res adjudicata* is applicable to a proceeding upon habeas corpus to obtain a discharge from enlistment.

Habeas corpus.

This was an application by a parent, to obtain a habeas corpus for the discharge of a son who had enlisted in the United States service during his minority, without the consent of his parents. The facts relating to the application appear in the opinion of the court.

*John O'Rourke,* for the application.

*H. L. Clinton,* opposed.

HOFFMAN, J.—The relator has established that William Allen, her son, was a minor, over the age of eighteen and under twenty-one years, and enlisted without the consent of either of his parents.

It appears from the return to the writ, that on the 15th of August, 1861, he enlisted as a private soldier in the Governor Morgan United States Light Artillery, and was in due form of law mustered into the service of the United States as such private soldier. It further appears, that on the 13th of September, 1861, an application for a habeas corpus was made to Mr. Jus-

affidavit, sworn to on that day, that the deponent had made inquiries in Richmond county for a magistrate of competent jurisdiction to grant the writ of habeas corpus, and that he could find none, the county judge being absent from said county, and gone to the western part of the State of New York.

The petition in that case stated that the party was deprived of his liberty at Camp Law, Richmond county. The petition in the present instance states the same fact.

It further appears from the return, that Mr. Justice Barnard, on the 16th of September, 1861, inquired into the facts; that the fact of minority was ascertained, and of enlistment without consent. He decided that the party was not entitled to his discharge, and remanded him to the custody of the officer, who now produces him. Several objections are made to the discharge being granted.

By the statute (3 *Rev. Stat.*, 5 ed., 883, §§ 37, 38; 2 *Ib.*, 563), application for the writ may be made to the Supreme Court during its sitting; or during its term or vacation to any one of its justices, or any officer who may be authorized to perform the duties of a justice of the Supreme Court at chambers, being or residing within the county where the prisoner is detained; or if there be no such officer within such county, or if he be absent, or for any cause be incapable of acting, or have refused to grant such writ, then to some officer having such authority, residing in any adjoining county. There must, in such case, be sufficient evidence given that there is no officer in the county of the detention authorized to grant the writ, or that he is absent, or has refused to grant it, or is incapable of acting for some cause specially set forth.

The affidavit produced is liable to the objection that it does not explicitly state that there is no officer in the county, other than the county judge, authorized to grant the writ; only that the deponent could find none. It is subject, also, to the difficulty that it was made on the 13th of September, and used on the 16th of that month, before Justice Barnard. On the same day, the 16th, the present application was made. The county judge might have returned in the interim—an affidavit of a later date should have been produced.

I think these objections well taken. It is next insisted that the decision of Mr. Justice Barnard is *res judicata* upon the

same facts in the same case, and the only mode of correcting it, if wrong, is by certiorari.

The case of Mercein *a.* The People, in the Court of Errors (25 *Wend.*, 64, 106), is a distinct authority to the very point, and has remained unchanged.* (See 1 *Park. Cr.*, 129.)

This objection is fatal to the application.

Another point has been raised, as to whether the party is not so brought within the act of our own Legislature, as to make his enlistment valid, being over eighteen years of age, without the consent of parents.

Upon this question, the act, Of the Militia (1 *Rev. Stat.*, 285), the 21st section of article 1, tit. v. (*Ib.*, 296), and the act of April 15, 1861 (*Laws of* 1861, ch. 277), may be referred to, as also the 12th section of the act, chapter 304, of 1835. I need not pass upon this point.

The application must be denied, and the prisoner remanded to the custody of the officer making the return.

---

* In that case, it was held that the principle of *res adjudicata* is applicable to a father's proceedings upon habeas corpus, to regain the custody of his infant child; and it makes no difference that one writ was returnable before a judge at chambers, and the other before a court of record. In neither case ought he to proceed *ad infinitum.* Wherever a final adjudication of an inferior court of record, or of an inferior court not of record, or of persons invested with power to decide on the property and rights of the citizen, is examinable by the Supreme Court, upon a writ of error or a certiorari—in every such case such final adjudication may be pleaded as *res adjudicata,* and is conclusive upon the parties in all future controversies relating to the same matter.

In a subsequent proceeding in the same controversy, it was held that the decision estops the parent only from asserting that he was entitled to such custody at the time of the issuing of his first writ, or perhaps of the decision thereon. (People *a.* Mercein, 3 *Hill,* 399.)

In Da Costa's case (1 *Park. Cr.*, 129) it was further held, that the decision of an officer empowered to issue and decide upon a writ of habeas corpus is conclusive upon any subsequent writ, where the subject-matter and the parties are the same. And the parties are the same, where relief is sought in behalf of the same person against the same respondent. That the relators are different, does not alter the case.