PETER P. DEMAREST, Appellant, v. MARTHA DARG, Respondent.

*The judgment of a court of competent jurisdiction upon a point litigated between the parties, is conclusive in all subsequent controversies when the same matter comes directly in question.   .*

*There is no difference in the application of this rule, whether the first adjudication is in a formal action, or in proceedings summary in their character.*

THIS case comes here by appeal from the judgment of the Court of Common Pleas of the city of New York, affirming a judgment entered on a verdict for the defendant directed by the court on the trial.   The appellant failed to appear on the hearing in this court, and the case was submitted on the respondent's points.

The following statement of facts is adopted from the opinion pronounced by HILTON, J., in the court below.

John Darg, the husband of the defendant, died intestate in October, 1846, and in the same year the defendant was appointed by the surrogate of the county of New York, administratrix of his goods, chattels and effects.   Among the property to be administered was a leasehold estate, which in January, 1847, she sold to Ira Burge, receiving from him in part payment his note for $2,500.   In March following, and before the note was paid, an action was brought in the Supreme Court by John S. Demarest and wife against the defendant and others, for the purpose of establishing an alleged will of John Darg, and in this suit an injunction was granted restraining the defendant from intermeddling as administratrix or otherwise with the estate or effects.   Pending the suit, Thomas J. Coleman was appointed receiver of the rents and profits of the property of the deceased, and in addition was in December, 1861, appointed special receiver of the Burge note then held by the defendant, but which on his appointment was by her delivered over to him, and he afterwards was paid the amount of it, which, with interest, was, on February 25th, 1852, $2,808.13.   In June following, the Supreme Court decreed, upon hearing, a dismissal of the

complaint in the action thus commenced, and dissolved the injunction thus granted, whereupon the defendant was re-appointed by the surrogate, administratrix of the estate, &c., of John Darg, and entitled as such to the proceeds of the Burge note. In March, 1853, the defendant and Coleman had a settlement respecting these proceeds, by which the defendant received in lieu thereof three coal bonds for $2,500, of the Chartiers Coal Company, in which, it was claimed by Coleman, the money had been invested, and a check for a difference or balance of about $153. At this time the defendant gave the receipt and guaranty upon which suit is now brought, and by which she acknowledged receiving the bonds and difference mentioned, in full settlement of her claim against Coleman as special receiver, in respect to the Burge note, and discharged him from all liability therefor; and further, she assumed the responsibility of accounting to all persons interested in the estate of John Darg, deceased, and agreed to save Coleman and his heirs harmless therefrom — the instrument concluding with the assertion that, as administratrix, she, the defendant, had full power to make such a settlement.

In May, 1854, several of the parties to the suit thus dismissed, upon a petition and notice of presentation thereof duly served on Coleman, applied to the court for an order requiring him to render an account of his proceedings as trustee and receiver of the rents and profits, and also as special receiver of the proceeds of the Burge note, and upon the amount in his hands being ascertained, that he pay it over to be distributed by the court, among those entitled to it. It seems that there was no opposition to this application, and accordingly an order of reference was made on May 12th, 1854, by the court, to Dayton Hobart, Esq., to take and pass the accounts of Coleman, and upon a settlement thereof, and the amounts in his hands being ascertained, directing that he pay it into the hands of the referee to be distributed among the parties entitled to it. And further, it was provided that upon such reference, that Coleman or any of the parties to the suit were at liberty to summon before

the referee all persons interested in the accounts, so that the same might be *finally settled*.

Before, as it seems, any proceedings were had under this order, and while the defendant, Mrs. Darg, was ignorant of its having been granted, she caused an application to be made to the court for · an order requiring Coleman to account respecting the Burge note. The petition upon which this application was based, and which was, with notice of the intended motion to the court, personally and duly served on Coleman, stated that as administratrix of John Darg, deceased, she had rendered to the surrogate a final account of her proceedings, and been fully discharged, except as to the proceeds of the Burge note, and as to which Coleman had in no way accounted, except for a small sum which was, as before stated, received by her in cash, and as to the three coal bonds delivered to her in settlement that they were imposed· upon her by fraud and misrepresentation on the part of Coleman, were of no value, and that instead of the money having been by him invested in them at or about the time of its receipt, as he had represented to her, that the money, as she believed, had been used by him in his business, and the bonds had been procured afterwards for a nominal sum, and were worthless.

On the hearing of this application, Coleman appeared, denied under oath all the fraud and deception charged against him, and alleged that the investment in the coal bonds had been made in good faith, and at Mrs. Darg's request; that as such receiver, he had settled with her as administratrix, taken from her an indemnity against further accounting, and therefore was fully discharged from the trust respecting the Burge note. He concluded his answer to the petition by asking its dismissal with costs. After hearing the parties, the court referred it to Theodore Sedgwick, referee, to take testimony upon all the issues involved in the petition and answer, and the accompanying papers, and report the same to the court, reserving all questions until the coming in of the report, when the matter might be brought up by notice of either party.

Subsequently, the defendant, having been notified of the reference to Hobart, appeared thereon. During its progress, Coleman insisted that he should only be called upon to account for the moneys received by him from the real estate of John Darg, deceased, excluding the Burge note, but the referee decided otherwise, and held that under the order of reference, he was required to report the accounts in respect to each, both as to the note and the real estate. Shortly after this decision, Coleman applied to the court to have the accounting in respect to the Burge note continued under the order of reference to Mr. Sedgwick, and withdrawn from the consideration of Mr. Hobart, under the order of reference to him. The court, after hearing counsel for all the parties interested, denied this application, and directed that the reference to Mr. Sedgwick, and the order and proceedings thereon, be revoked and discharged, and Mr. Hobart was directed to fully execute the order of May 12th, 1854, and Coleman was directed to account for the proceeds of the Burge note, and all other matters, as in the order provided. The effect of this direction was to engraft upon the reference to Hobart, the issue presented by the petition of Mrs. Darg and the answer of Coleman to it, which had been originally referred to Mr. Sedgwick to take proof in respect to.

When the parties next appeared before Mr. Hobart, upon the reference thus consolidated, counsel for Mrs. Darg tendered to Coleman the three coal bonds, and thereafter testimony was given respecting their value and character, and as to the transactions referred to in the petition of Mrs. Darg, and Coleman's answer to it.

At the close of the reference, the referee determined in favor of the claim of Mrs. Darg, by finding that Coleman had been shown to have received the proceeds of the Burge note, but had not shown any legal or valid payment thereof, or any discharge from his trust as special receiver thereof; and thereupon the referee proceeded to and did determine the rights and interests of all parties to the moneys ascertained by him to be remaining in Coleman's hands. Notice of the motion for confirmation of this report having been

given to Coleman, his counsel attended and excepted, upon the ground that the referee erred in charging Coleman with the Burge note, as the same being personal property, and having been paid over to the administratrix; also that he erred in excluding testimony offered upon the reference to show that Coleman had been discharged from the payment of the proceeds of the note of Burge, and finally that it was clearly proved that Coleman had paid the administratrix the moneys collected on the note, while if the report was adopted, she would be entitled to receive one-half of the money over again.

The court, on June 30th, 1856, confirmed this report and decision, after allowing a credit of about $300, in addition to those allowed by the referee, and thereupon an order was made, directing the payment and distribution of the proceeds of the Burge note, then amounting to $3,015.07, among the parties appearing to be entitled to it. Subsequently, Coleman failing to make payment, as directed by the last mentioned order, the court awarded an attachment as for a contempt, against him, unless he paid as directed forthwith, and in respect to the distributive share of such moneys belonging to Mrs. Darg, he was directed to pay it into the United States Trust Company, to abide the result of any action in respect to it, which might be commenced within thirty days thereafter, without, however, by such direction, intending to adjudicate upon the rights of Coleman and Mrs. Darg in any respect.

That action, thus foreshadowed, has been brought by the present plaintiff, upon the receipt and guaranty of Mrs. Darg, so given by her at the time of the alleged settlement between Coleman and her, on March 10th, 1853; the plaintiff, as assignee, having succeeded to any rights of Coleman upon the instrument which forms the subject of this suit. The defense here is substantially a reiteration of the fraud and deception alleged in the petition of Mrs. Darg before referred to, and a general statement of the proceedings here narrated, claiming that by them the rights of Coleman and herself, respecting such receipt and guaranty, and the pro-

ceeds of the Burge note, had been therein fully adjudicated and determined.

At the trial of this case these facts substantially appeared from the records, original orders, and proceedings produced from the files of the Supreme Court, and by which it was claimed that the defense of *res adjudicata* was established. The judge so held, and directed a verdict for the defendant.

*Matthews & Swain,* for the respondent.

I. The sole question on this appeal is, whether the court erred in deciding that the defendant's answer of *res adjudicata* was sustained by the proof. · This is a mere question of law. (*Pratt* v. *Foot,* 9 N. Y., 463.)

There were no disputed questions of fact submitted to the jury; and there was no request to submit any such questions. If any uncertainty or conflict in facts existed, or can be discovered, the decision of the judge at the trial is conclusive in favor of the defendant. (*Bidwell* v. *Lament,* 17 How., 357; *Winchell* v. *Hicks,* 18 N. Y., 565.)

II. Whenever a matter in controversy has been once litigated between the parties — including all who have a right to appear and control the proceedings, &c. — before any tribunal of competent authority and jurisdiction, then such adjudication, whether in form of a judgment, decree, order, report, decision, verdict, &c., is final and conclusive as to such parties. It works an estoppel, not only as respects the matters specifically litigated and determined thereby, but also as to all other matters fairly involved in the issues arising upon the same question, although the subject matter of the second controversy, or the grounds upon which the second adjudication is sought, may be different. And the questions passed upon may be proved by parol. (*Gardner* v. *Buckbee,* 3 Cow., 120; *Bonchard* v. *Dias,* 3 Denio, 238; *Birkhead* v. *Brown,* 5 Sandf., 134; *Doty* v. *Brown,* 4 N. Y., 71; *Bangs* v. *Strong,* id., 315; *White* v. *Coatsworth,* 6 N. Y., 137; *Davis* v. *Talcott,* 12 N. Y., 184; *Castle* v. *Noyes,* 14 N. Y., 329; *Dwight* v. *St. John,* 25 N. Y., 203.)

III. This action is brought upon an agreement made by

Mrs. Darg, upon a settlement with Coleman (plaintiff's assignor), the validity of which has been contested by Mrs. Darg, as being without consideration and fraudulent; and it was so found by the referee, and his finding was sustained by .the court. The defense of *res adjudicata* is therefore proper in this case.

DAVIS, J. The court admitted in evidence on the trial, the minutes of the testimony taken before the referee on the hearing of the matters referred to him, notwithstanding the objection and exception of plaintiff. I do not see any sound objection to their admissibility. They were taken from the files of the Supreme Court and were a part of the report of the referee upon which, with other documents and papers, that court based its final order of confirmation. They were a part of the record, and there was no reason for eliminating them from it. They showed that, *in point of fact,* the question of fraud in obtaining the receipt and covenant on which this action is based, was litigated before the referee and before the court, on the motion for confirmation, and passed upon by both tribunals. And they were the best evidence of that fact. The points of counsel used on the argument before the Supreme Court were not admissible in evidence for any purpose; but they were wholly immaterial and under the direction given to the case by the court, could by no possibility have worked any harm to the plaintiff. I think, therefore, there was no error in the admission of evidence, calling for our interference with the verdict.

The only other question for consideration is, whether the proceedings before the referee and in the Supreme Court, are to be regarded as *res adjudicata* of the right of the plaintiff to recover on the receipt and covenant in suit.

The Supreme Court, pending the litigation of the question whether John Darg died intestate, appointed the plaintiff's assignor special receiver of the note which Mrs. Darg, as administratrix of John Darg's estate, had received of Ira Burge. It was finally determined that John Darg did die intestate, and Mrs. Darg was reinstated to all her rights as

administratrix. In that character she was undoubtedly entitled to receive, for distribution, the proceeds of the Burge note, then in plaintiff's hands. The proper course of getting them would, undoubtedly, have been through the action and order of the court, which appointed the special receiver, and to whom only, in strictness, he was liable to account. But the receiver and Mrs. Darg, as administratrix, undertook to settle the matter between themselves, and in so doing, instead of paying to her the money, he turned out the bonds of a coal company in which he claimed to have invested it, and took from her the receipt and bond of indemnity on which this suit is brought. It was subsequently discovered, as claimed by Mrs. Darg, that the coal company's bonds were worthless, and that the receiver's representations, by which she was induced to take them, were false and fraudulent, and, therefore, as she insisted, the accounting and settlement between the receiver and herself was wholly ineffective. By the proceedings in, and orders of the Supreme Court, the whole question of the plaintiff's accounting, both as receiver of the rents and profits of Darg's lands, and as special receiver of the Burge note, were referred to referee Hobart in such manner that all parties interested, including Mrs. Darg, the administratrix, were entitled to, and did appear and contest the rights and liabilities of the receiver before such referee. In respect to the Burge note it was not disputed by the plaintiff but that he had received the full amount of it in money, but he insisted that he had fully accounted for it to the administratrix, and taken her receipt in discharge of all liability with her obligation to indemnify him. On the part of the administratrix, Mrs. Darg, and of some other interested parties, the settlement and receipt were attacked for the alleged fraud. The finding of the referee was in their favor, and the Supreme Court, after a contested litigation before it based on the referee's report and the evidence taken before him, confirmed the report of the referee *in toto*, so far as it related to this question. Under that confirmation Mrs. Darg was entitled to receive for her distributive share a large portion of the proceeds of the Burge note. By a subsequent

order made in proceedings to punish the receiver for contempt, her proportion was ordered to be paid into the trust company, to abide the result of any action in respect to it to be commenced within thirty days; but this order expressly declared that it was not to be treated or considered as an adjudication of the rights, either of the receiver or of Mrs. Darg.

To the action now brought upon the covenant of indemnity contained in her receipt, Mrs. Darg sets up in defense the same fraud which was litigated in the proceeding above mentioned, and also sets up those proceedings as *res adjudicata* of the question.

I am at a loss to see any ground upon which it can be held that the issues of this suit were not finally determined in the proceedings referred to. Those proceedings were clearly within the jurisdiction of the court; and ultimately they embraced all the parties and all the questions that should have been brought before it. The receiver was an officer of the court, entitled to its protection and under its direction, but not subject to be prosecuted by action without its leave, but, according to its regular practice, to be brought to an accounting by a summary proceeding, in which the court would adjudicate upon and protect the equities of all parties. The court had ample power to protect the receiver in the settlement with, and payment to, the administratrix, of the proceeds of the Burge note, because she was the proper channel through which the proceeds were to be distributed; and there is no room, I think, for question but that for the fraudulent practices of the receiver he would have been protected against any further claim, although his act of making the settlement was not in accordance with the technical mode of relieving himself from liability.

The point of controversy between the parties was the alleged fraud in obtaining the covenant and receipt now in suit. Upon that issue the parties contested the liability, and the receiver neither made nor had any other ground of contest. It may be true that the proceedings might have been so conducted as not to have involved that question, but they were not, and on the contrary they were so conducted as to

involve no other so far as concerned the accounting for the Burge note. By this suit the same question is again put directly in issue.

The judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive in all subsequent controversies when the same matter comes directly in question. (*Embury* v. *Connor*, 3 Comst., 522, and cases there cited; *Doty* v. *Brown*, 4 Comst., 71; *White* v. *Coatsworth*, 2 Seld., 137.) In the last cited case, EDMONDS, J., says: "I suppose it to be well settled that the judgment of a court of concurrent jurisdiction directly on the point is as a plea, a bar, or as evidence, conclusive between the same parties upon the same matter directly in question in another cause, or in other words, that the decision of a court of competent jurisdiction directly upon the same point is conclusive when the same point comes again in controversy between the same parties directly or collaterally." (See authorities cited by him at page 143.) There is no difference in the application of this rule whether the first adjudication be in a formal action or in a proceeding summary in its character. (*Supervisors of Onondaga* v. *Briggs*, 2 Denio, 33, and cases there cited; *St. John* v. *Dwight*, Court of Appeals, not reported.) The judgment in this case ought to be affirmed.

DENIO, Ch. J. I am of opinion that the defense of *res adjudicata* was a perfect answer to the action. Coleman, the plaintiff's assignor, having been appointed a receiver in respect to the moneys due from Burge, by the Supreme Court, in the action there pending to establish a will of John Darg, deceased, was liable to account according to the directions of the court, though the principal suit was ended. The account taken before Mr. Hobart embraced the moneys which Coleman had received on the note of Burge. Those moneys belonged to the defendant as administratrix, and she and Coleman were the only parties who were required to be known or recognized on the accounting. The court, however, determined to recognize the parties entitled to distributary interests as proper parties, and treated the referee

as the proper person to administer this remnant of the assets. This was, perhaps, right enough, but it was at all events done without objection, and what is more important, it was so done by the judgment of a court of competent jurisdiction. But Mrs. Darg, the defendant, was one of these distributees, and in that character was entitled to one-half of whatever sum might be due from Coleman, if she was not precluded from claiming it by the receipt and covenant of indemnity which she had given to Coleman. The receipt and agreement to indemnify were parts of the same transaction and depended upon the same consideration. The defense against the covenant of indemnity was precisely the same with that which was set up against the part of the instrument which was intended to operate as a release. Indeed, the covenant was entered into in consideration of the alleged payment. If that payment was inoperative on account of the fraud or concealment of Coleman respecting the character of the coal company bonds, the covenant made in consideration of that payment was equally inoperative and void. Now, the report of the referee upon that accounting established that the payment or the delivery of the bonds as payment could not be availed of on account of the circumstances alleged against it. It was a payment which did not bind the parties interested in it, and there was no objection to it which I can discover except the alleged fraud and imposition.

It may be said that the defendant was competent to bind herself by taking a collateral thing as payment, and thereupon to release her own share as a distributee, and to covenant to indemnify against the claims of the other distributees. This is true, and if the others had alone been parties in the proceeding against Coleman, and had only claimed their own shares, an adjudication compelling them to pay their shares would not necessarily have determined anything against the validity of the arrangement between Coleman and the defendant. She might take such payment as was satisfactory to herself, and a valid consideration for her agreement to indemnify against the claims of the others. But this argument

will not aid Coleman, or the plaintiff as his assignee, because the defendant was a party to the accounting, claiming her rights in the money collected of Burge's representatives, and repudiating as fraudulent and inoperative the whole arrangement. That issue was decided in her favor. She was awarded her portion of the money, and it was thus necessarily adjudged that the arrangement could not be supported in any of its parts. It was, therefore, a judgment of a tribunal having competent jurisdiction upon the very point in issue in the present case; and it necessarily estops the plaintiff from setting up the validity of the transaction upon which the covenant sued on arose.

The order made upon the attachment proceedings, by which the defendant's share of the money was to be withheld from her to await the event of a suit to be commenced on the indemnity bond, is of no legal consequence in this suit. The order itself disclaims any effect upon the rights of the present parties. The estoppel resulted from the order already made, and it was not intended to qualify the effect of that determination. It amounted to no more than the compelling the defendant to furnish security for any recovery which might be had against her. The parties probably differed as to the effect of the adjudication, and the court gave the plaintiff the advantage of retaining the money until that question should be determined.

The minutes of testimony which were admitted against the plaintiff's objection were immaterial, as the petitions, orders and other papers which constituted the record, were all which was required to constitute the estoppel. But they could do no possible harm, and did not prejudice the plaintiff in any way.

I am in favor of affirming the judgment appealed from.

Judgment affirmed.