Joseph P. Daly, J.
The petitioner, Archibald A. Thomas, is charged in execution against the person, and seeks a discharge under the Revised Statutes (2 Rev. Stat., 31, part II., ch. 5, tit. 1, art. 6).
It appears that a similar application had been made by him and denied, before this. ■ It was denied on the ground that the petitioner’s proceedings had not been just and fair. It appeared from the examination of the petitioner under such former proceedings, that he was possessed of certain property or interests which he had not put in his schedule or petition. This the judge considered sufficient ground for refusing the discharge.
No appeal was taken from the decision so made, nor was leave to renew obtained. Yerbal application for leave to renew was made by petitioner, but the judge refused it on the ground that leave was not necessary.
In the present proceeding, the petitioner includes in his schedule and petition the property he omitted before. On the return of his notice, the creditors who opposed his discharge before, again appear and move for a dismissal of the present proceedings and denial of the petition, on the ground that the decision upon the former proceedings that the petitioner’s proceedings were not just and fair, being unappealed from and subsisting, is conclusive upon him, and a perfect bar to any application of this nature.
*116 The question seems to be novel. The cases relied upon by the creditors are briefly: Mercein v. People (25 Wend., 64), where it was held that in the matter of a habeas corpus, an adjudication is a bar to proceedings of the same nature involving matters in difference between the parties up to the time of the making of the order.
Matter of Da Costa (1 Park. Cr., 138 ; S. C., 5 N. Y. Leg. Obs., 294), another habeas corpus proceeding, in which it was held that where no new facts are presented, the decision upon a prior proceeding by habeas corpus involving the same facts as in the latter is res adjudicaba.
In People v. Burtnett (13 Abb. Pr., 10, note), it was held that the principle of res adjudicata is applicable to habeas corpus proceedings.
Demarest v. Darg (32 N. Y., 281), where it was held that the order of the court made upon proceedings for the accounting of a receiver, was a bar to the litigation, in a subsequent action, of any matters at issue on such accounting, between parties to such accounting.
The principle of the doctrine of res adjudicaba may be properly applied to proceedings like the present, as, indeed, it may be to all adjudications before courts and officers, upon issues properly before them for decision.
The language of Senator Paige, in Mercein v. People, is, ‘ ‘ Whenever a final adjudication of an inferior court of record, or of an inferior court not of record, or of persons invested with powers to decide on the property and rights of the citizen, is examinable by the supreme court upon a writ of error or a cetbiorari, in any such case such final adjudication may be placed as res adjudicaba, and is conclusive upon the parties in all future controversies relating to the same matter.”
The chancellor, in the same case, said, the principle *117 of res adjudicatei was applicable to a proceeding upon habeas corpus, and that the party suing out the writ ought not to be permitted to proceed ad infinitum before the same court or officer, or before another court or officer having concurrent jurisdiction, to review the former decision while the facts remain the same.
The proceedings of the petitioner in the application now before me, are had under the Revised Statutes in “respect of “voluntary assignments by a debtor imprisoned in execution incivil causes ” (2 Rev. Stat., ch. 5, tit. 1, art. 6). His petition must contain a just and true account of all his estate, real and personal, in law and equity, and of all charges affecting the same, both as such estate and charges existed at the time of his imprisonment, and as they existed at the time of preparing such petition ” (§4). His petition must be accompanied by an affidavit that the petition and account of his estate are in all respects just and true (§ 5).
He is to be examined on oath, and if the court is satisfied that the petition and account are correct, and that his proceedings are just and fair, it shall order an assignment (§ 6); and unless the opposing creditor shall be able to satisfy the court that the proceedings on the part of the prisoner are not just and fair, the court shall grant the discharge (§ 8).
The question for the court to pass upon in the proceeding is, whether the petition and account are correct, and whether the petitioner’s proceedings are just and fair. The court may consider matter anterior to the imprisonment (Matter of Watson, 2 E. D. Smith, 429), and may undoubtedly review the acts of the petitioner in respect of any property of his, whether stated in his accounts or not.
If property belonging to the petitioner has been disposed of by him, and such fact, or the fact that he has certain property, is concealed in making up his account, *118 the court is bound to decide that his proceedings are not just aud fair; such a decision is an adjudication upon the only issues involved in the proceeding. It may be reviewed by the appellate court, but if not disturbed it is conclusive upon the petitioner. He cannot commence a new proceeding involving the same facts, and have the same issues retried. But if any new facts are included in his second application, these may be the proper subject of judicial examination. We are met, however, with the former judgment, declaring his proceedings not to be just or fair, and, unless the new matters in the second petition can wholly destroy the force of that judgment, he cannot be discharged.
It is difficult to see how this can be done. The petitioner’s proceedings have been decided to be not just and fair, because he failed to include in his petition and account certain property which he had when he was imprisoned, or when his accounts were made up, and part of which he disposed of after his imprisonment.
The fact that his new petition includes that property does not alter the fact that his concealment of it was unfair and unjust on the former proceeding, and that the decision thereon was correct.
It would not even be sufficient (as new matter to base the new proceeding upon) that he should state in his petition facts excusing, explaining, or justifying Ms acts in the former proceeding. That is not properly new matter, but matter which was in his knowledge during the former trial, and which he might then have urged.
It seems, therefore, that this proceeding must be dismissed, and the petitioner left to an application to re-open the former proceeding, upon proof of good faith in the matters charged upon him in it. As the statute is intended to release a debtor who voluntarily parts with his property to satisfy Ms creditors, and who *119 can show an honest record in his dealings with his property, the application would, no doubt, upon good cause shown, be granted; the result, otherwise, would be to condemn the debtor to perpetual imprisonment.
Motion granted, and proceedings dismissed.