WILLIAM E. LEAVITT, as Executor, etc., Respondent, *v.* FREDE-RICK H. WOLCOTT, Impleaded, etc., Appellant.

An adjudication upon conflicting claims, made by several defendants, to an interest in the subject of an action, rendered by a court upon the report of a referee authorized to report on such claims, is equally conclusive, as between the defendants who appeared and litigated their claims, as in the case of a similar issue between the plaintiff and the defendants.

In an action to obtain a decision as to the validity of a clause in a will attempting to create a trust, it appeared that at the time of the testator's death he was a defendant in a partition suit, having an interest in the premises, which was included as part of the trust estate. After his death the beneficiaries under his will, his heirs at law and next of kin, all of whom were parties herein, were brought in and made parties defendant in said suit, and they each appeared therein. An interlocutory judgment was rendered directing a sale of the premises, and a referee was appointed to ascertain, among other things, the rights and interests of said defendants. Upon a hearing before the referee, attended by all of the parties, it was determined that the clause in question was wholly void. Exceptions were filed by the beneficiaries, a motion for final judgment was made upon notice to all of the parties, who appeared and were heard, the report was confirmed and final judgment ordered, directing the proceeds of the share belonging to testator's estate to be paid to his heirs

at law as in case of intestacy. *Held*, that said judgment, not having been reversed, was final and conclusive between the parties as to the validity of the clause in question, and the parties were estopped from raising the question herein.

(Argued February 7, 1884 ; decided February 26, 1884.)

APPEAL from portion of judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 30, 1883, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a construction and a determination as to the validity of certain clauses in the will of Gardiner H. Wolcott, deceased.

The portions of the will in question and the material facts are set forth in the opinion.

*Dexter A. Hawkins* for appellant. The court must determine from the will itself what was the testator's intention, and then carry that intention into effect so far as it is in accordance with the law ; but so far as it is not in accordance with law, declare it void. (*Everitt* v. *Everitt*, 29 N. Y. 92 ; *Beekman* v. *Bonsor*, 23 id. 310, 311.) The contents of the will show that the testator did not intend to die intestate as to any part, principal or income, of his property. (*Morse* v. *Morse*, 85 N. Y. 53.) In a valid express trust the whole estate is vested in the trustees in law and in equity, subject only to the execution of the trust, and the persons for whose benefit the trust is created take no estate, legal or equitable, but may enforce the performance of the trust in equity. (1 R. S. 729, § 60 ; *Knox* v. *Jones*, 47 N. Y. 390 ; *Cotton* v. *Fox*, 67 id. 348 ; *Amory* v. *Lord*, 9 id. 411.) The use of the words "it is my wish" or " it is my wish and will," create trusts in favor of the parties to be benefited. (Perry on Trusts, § 112 ; *Gilman* v. *Redington*, 24 N. Y. 15 ; 1 R. S. 729, § 60 ; *Leggett* v. *Perkins*, 2 Comst. 297.) The words in the will " shall be divided between my brother Frederick and sisters Elizabeth

and Alice, share and share alike for life," taken by themselves alone would create a tenancy in common. (2 Jarm. on Wills, 162, 164; Williams on Exrs. 1463, 1465; *Tuckerman* v. *Jefferies*, 11 Mod. 108, 109; *Scott* v. *Bergeman*, 2 P. Wms. 68; *Malcolm* v. *Martin*, 2 Brown's Ch. Cas. 45; *Armstrong* v. *Eldridge*, id. 215; *Doe* v. *Webb*, 1 Taunt. 234; *Green* v. *Stephens*, 12 Vesey, 418; *Doe* v. *Abey*, 1 M. & S. 428; *Pearce* v. *Edmeades*, 3 Y. & C. Exch. 246; *Doe* v. *Wainright*, 5 T. R. 427; *Townley* v. *Bolton*, 1 M. & K. 148; *Begly* v. *Cook*, 3 Drewry, 662; *Alt* v. *Gregory*, 2 Jur. 577; *Cranswick* y. *Pearson*, 31 Beav. 624; *Wood* v. *Draycott*, 2 N. R. 55; *Loring* v. *Coolidge*, 99 Mass. 191; 2 Roper on Leg. 1397; 2 Jarm. on Wills, 164; Williams on Exrs. 1465; *Coster* v. *Lorillard*, 14 Wend. 342, 343; *Willis* v. *Douglass*, 10 Beav. 47; *Arrow* v. *Mellish*, 1 De G. & S. 355; *Hawkins* v. *Hamerton*, 16 Sim. 410; *Armstrong* v. *Eldridge*, 3 Br. Ch. 215.) The terms of the will show clearly that it was the intention of the testator to vest his whole residuary estate in the trustees as a single trust, and that that estate should continue as a unit in the trustees as a single trust at least until the end of five lives, and possibly six. (*Coster* v. *Lorillard*, 14 Wend. 265; *Hawley* v. *James*, 16 id. 228, 243, 244; *Harris* v. *Clark*, 3 Seld. 242; *Knox* v. *Jones*, 47 N. Y. 390; *Colton* v. *Fox*, 67 id. 348; *Amory* v. *Lord*, 9 id. 411, 415; *Warner* v. *Durant*, 76 id. 136; *Everitt* v. *Everitt*, 29 id. 39; 2 Wms. on Ex. 1335; *Everitt* v. *Everitt*, 29 N. Y. 75; 1 Jarm. on Wills, 760; *Gilman* v. *Redington*, 24 N. Y. 9.) The trust of the entire residuary estate for five lives and a minority suspends for that period the absolute ownership of personal property, and is for that reason void, being against the statute of perpetuities. (R. S., §§ 14, 15, p. 723; id. 773, §§ 1, 2; id. 730, § 63; *Coster* v. *Lorillard*, 14 Wend. 265; *Hawley* v. *James*, 16 id. 61; *Amory* v. *Lord*, 9 N. Y. 416; *Gott* v. *Cook*, 7 Paige, 540, 522; *Hallett* v. *Thompson*, 5 id. 583; *Clute* v. *Bool*, 8 id. 83; *How* v. *Van Schaick*, 7 id. 222; *Degraw* v. *Clarkson*, 11 id. 136; *Campbell* v. *Foster*, 35 N. Y. 371-2.) The trust term for five

lives and one minority is a present vested estate, and is subject
to the statutory inalienability during the whole period of its
limitation. (1 R. S. 730, § 65; *Hawley* v. *James*, 16 Wend.
121.) A trust term extending beyond two lives in being at the
date of its creation and minority of remainderman is void *in
toto*. (*Hawley* v. *James*, 16 Wend. 60; *Post* v. *Hover*, 33
N. Y. 598, 601; *Gott* v. *Cook*, 7 Paige, 521; *Harris* v. *Clark*,
3 Seld. 242; *Amory* v. *Lord*, 9 N. Y. 413; *Colton* v. *Fox*,
67 id. 348; *Van Nostrand* v. *Moore*, 52 id. 18.) If the trust
be void the property affected by it descends to the heirs at
once. (*Brewer* v. *Brewer*, 11 Hun, 153; *Field* v. *Field*, 3
Sandf. Ch. 528; *Coster* v. *Lorillard*, 14 Wend. 320; *Bean* v.
*Hockman*, 31 Barb. 78; *Harris* v. *Clark*, 3 Seld. 242.) The
trust being void, the beneficial interest of the brother and two
sisters for life in the income or interest necessarily falls with it.
2 Roper on Leg. 1397; 2 Jarm. on Wills, 164; Williams on
Exrs. 1465; *Tuckerman* v. *Jefferies*, 11 Mod. 108-109; *Scott*
v. *Bargeman*, 2 P. W. 68; *Malcolm* v. *Martin*, 3 B. Ch. 45;
*Armstrong* v. *Eldridge*, id. 215; *Doe* v. *Webb*, 1 Taunt.
234; *Doe* v. *Abey*, 1 M. & S. 428; *Pearce* v. *Edmeades*,
3 Y. & C., Ex. 246; *Doe* v. *Wainright*, 5 T. R. 427;
*Townley* v. *Bolton*, 1 M. & K. 148; *Begley* v. *Cook*, 3
Drewry, 662; *Alt* v. *Gregory*, 2 Jurist, 577; *Cranswick* v.
*Pearson*, 31 Beav. 624; *Wood* v. *Draycott*, 2 N. R. 55;
*Loring* v. *Coolidge*, 99 Mass. 191; *Schnarr* v. *Henning*, N. Y.
D. R., Dec. 23, 1882.) The trusts of the will being so far void
as to overturn the main design of the testator, the overthrow
of the residue necessarily follows; even if the latter were not
involved in the fate of the void trust devise to the executors.
(*Arnold* v. *Gilbert*, 3 Sandf. Ch. 532; *Coster* v. *Lorillard*, 14
Wend. 265; *Hawley* v. *James*, 16 id. 274; *Thompson* v. *Cend-
ening*, 1 Sandf. Ch. 387; *Amory* v. *Lord*, 9 N. Y. 411; *Knox*
v. *Jones*, 47 id. 390; *Colton* v. *Fox*, 48 id. 348; *Bean* v.
*Hockman*, 31 Barb. 78; *Brewer* v. *Brewer*, 11 Hun, 151, 72,
N. Y. 602; *Estate of J. P. Moore*, N. Y. Sur. Ct., Nov. 18,
1881, reported in Daily Reg. Nov. 1881; *Schnarr* v. *Henning*,
N. Y. Daily Reg., Dec. 23, 1882; *Von Schuyver* v. *Mulford*,

59 N. Y. 426; *Harrison* v. *Harrison,* 36 id. 544; *Savage* v. *Burnham,* 17 id. 561; *Oxley* v. *Lane,* 35 id. 340; *Van Veghten* v. *Van Veghten,* 8 Paige, 217, 128; *Hoxton* v. *Corse,* 2 Barb. Ch. 519; *Darling* v. *Rogers,* 22 Wend. 483; *Parks* v. *Parks,* 9 Paige, 117.)

*James M. Varnum* for appellants. The trusts for the benefit of the testator's father and Mrs. Charlotte Varian, and for the testator's brother and sisters are valid. (*Kane* v. *Gott,* 24 Wend. 641; *Savage* v. *Burnham,* 17 N. Y. 561; 3 R. S. [Bank's Bros. 7th ed.] 2256.) The absolute ownership of personal property is not suspended by the will for more than two lives in being at the death of the testator. (*Moore* v. *Hegeman,* 72 N. Y. 376, 383; *Everitt* v. *Everitt,* 29 id. 39; *Purdy* v. *Hayt,* 92 id. 447; *Monarque* v. *Monarque,* 80 id. 320.) The courts lean in favor of the preservation of all such valid parts of a will as can be separated from those that are invalid, without defeating the general intent of the testator. (30 Barb. 322; *Darling* v. *Rogers,* 22 Wend. 483; *De Peyster* v. *Glendening,* 8 Paige, 265; *Haxton* v. *Coose,* 2 Barb. Ch. 506; *Van Vechten* v. *Same,* 8 Paige, 120.) The general intent of a testator, apparent upon a will, will be carried into effect, if practicable, although his particular intent cannot prevail. (*Jackson* v. *Brown,* 13 Wend. 437; 2 Jarm. on Wills, 743, 745.) Where an estate is vested in trustees upon several independent trusts, one or more of which is valid and the other void, the latter will be rejected, and the estate of the trustees will be upheld to the extent necessary to enable them to execute the valid trusts. (*Savage* v. *Burnham,* 17 N. Y. 561; *Oxley* v. *Lane,* 35 id. 310; *Van Schuyver* v. *Mulford,* 59 id. 426; *Monarque* v. *Monarque,* 80 id. 320; *Harrison* v. *Harrison,* 36 id. 543; *Purdy* v. *Haight,* 92 id. 447; 9 Paige, 107; *Kane* v. *Gott,* 7 id. 521; 24 Wend. 641; *Gilman* v. *Reddindon,* 24 N. Y. 19.)

*Edward C. Delavan* for *Charlotte Varian,* defendant. The will creates trusts, and lawfully directs the trustee to fulfill

them. (*Conovan* v. *Van De Mark*, 78 N. Y. 244.) It indicates an intention to create a trust. (*Morse* v. *Morse*, 85 id. 53.) Where an estate is vested in trustees upon several independent trusts, one or more of which are valid and the others void, the latter will be rejected and the estate of the trustees will be upheld to the extent necessary to enable them to execute the valid trusts. (*Van Schuyver* v. *Mulford*, 59 N. Y. 426; *Monarque* v. *Monarque*, 80 id. 320; *Savage* v. *Burnham*, 17 id. 561; *Leggett* v. *Perkins*, 2 id. 297; *Post* v. *Hoven*, 33 id. 340; *Woodruff* v. *Cook*, 47 Barb. 304; *Harrison* v. *Harrison*, 36 N. Y. 543; *Wells* v. *Wells*, 88 id. 323.)

RUGER, Ch. J. In December, 1880, Gardiner H. Wolcott executed a last will and testament, the clauses of which, for the convenience of reference, will be numbered, and for brevity will be summarized as follows:

*First*. "I wish that any property belonging at my death to me be within two years converted into first class bonds and mortgages on New York city property.

*Second*. " Out of my estate I hereby authorize my executors herein named to pay the sum of $1,000 to my dear friend Laura W. Leavitt, wife of William E. Leavitt.

*Third*. " One-half of the legal interest from my property I wish paid to my dear father so long as he may live.

*Fourth*. " One-half the legal interest or income, as in my father's case, derived from my property, I wish paid to my darling Nina's mother, Mrs. Charlotte Varian, so long as she may live.

*Fifth*. " On the death of my father his share of the income shall be divided between my brother Frederick and sisters Elizabeth and Alice, *share and share alike, for life*.

*Sixth*. " On the death of Mrs. Charlotte Varian her share of the income shall be divided between my brother Frederick and sisters Elizabeth and Alice, *share and share alike, for life*.

*Seventh*. " At the death of the above-named parties — my father, Mrs. Charlotte Varian, my brother Frederick, and sisters Elizabeth and Alice — I wish the entire estate held in

trust for my hereinafter-named trustees and executors, to be paid to my dear nephew Huntington Wolcott Merchant, if of age. If at such time he should be a minor, the property will be held in trust for him until he arrives at his majority."

The other portions of the will are not recited, as they are not material to the determination of the questions raised on this appeal.

It was conceded on the argument that the property assumed to be disposed of by this will was either personal property, or under the doctrine of equitable conversion should be so treated in applying the rules relating to the power of suspending the absolute ownership of such property.

It was also determined by the court below that the seventh clause of said will, by which the property demised upon the death of the respective life tenants therein named was to be paid over to Huntington Wolcott Merchant, was void, for the reason that it provided for the suspension of the absolute ownership of the property of the estate in question for a longer period than during the continuance of two lives then in being, contrary to the provisions of the statute.

No appeal has been taken by any party from this part of the judgment, nor has any question been raised on this appeal as to its correctness.

It is perhaps unnecessary, but it is proper for us to say, that we agree with the conclusions reached by the court below upon the validity of that portion of the will referred to. These conclusions leave but two questions for consideration here, viz.: 1st. Whether the trusts attempted to be created by the fifth and sixth clauses of the will are also invalid as suspending the absolute ownership of property beyond the period of time allowed by law; and, 2d, if so, whether the trust may still be upheld for the purposes provided in the third and fourth clauses of the will.

In proceeding to the consideration of these questions, we are met at the outset by a claim on the part of the appellant that the court is now estopped from examining them upon the merits by reason of a prior adjudication upon the same questions.

If this claim be well founded, of course any discussion of the validity of the provisions of this will upon the merits would be unnecessary and useless. Whatever may be the rule as to such matters as might have been, but were not, litigated in a prior action, it is well settled, that as to all matters, either of fact or of law, which legally might have been, and actually were litigated in an action or special proceeding, between the same parties, in a court of competent jurisdiction, the judgment rendered therein is binding and conclusive in all subsequent litigation between such parties or their privies. (*LeGuen* v. *Gouverneur*, 1 Johns. Cas. 436 ; *Clemens* v. *Clemens*, 37 N. Y. 59 ; *Malony* v. *Horan*, 12 Abb. [N. S.] 293 ; *Embury* v. *Conner*, 3 Coms. 511, 522.) The rule was stated by Judge JEWETT in the latter case as follows : " That an allegation on record, upon which issue has been once taken and found, and a judgment has been rendered, is, between the parties taking it and their privies, conclusive, according to the finding thereof, so as to estop the parties respectively from again litigating that fact once so tried and found ; whether it is plead in bar, or given in evidence."

I will proceed to examine the facts upon which the claim of *res adjudicata* is predicated by the appellant. Prior to the death of the testator, an action was brought by one Howland and wife in the Supreme Court of this State, to secure the partition or sale of certain premises situate in the city of New York, in which the said Gardiner H. Wolcott was alleged to have had an interest as a tenant in common with other parties to said action. After the death of Wolcott all of the persons named as devisees or legatees in his will, and each of his heirs and next of kin, being the same persons named as parties in this action, were by supplemental summons and complaint brought in, and made parties defendant to that action ; and they each appeared therein by their respective attorneys.

An interlocutory judgment was, on the 21st of October, 1881, duly rendered in that action, providing for the sale of the premises in question, and an order duly made therein appointing one Thomas L. Ogden a referee " to ascertain the

rights and interests of Frederick H. Wolcott, father of the deceased defendant, Gardiner H. Wolcott, and of William E. Leavitt, Louis M. Howland and Edward E. Williams, executors named in the will of Gardiner H. Wolcott, deceased, and of CharlotteVarian, Huntington Wolcott Merchant, Frederick H. Wolcott, Jr., Alice Wolcott and Elizabeth H. Merchant, in and to the share of the real estate described in the said decree, and thereby adjudged to be owned by the deceased defendant Gardiner H. Wolcott." The persons named include each and every party to the present action. Upon a hearing under this order before the referee, attended by all of the parties named, it was determined by said referee, that the will in question attempts to create a trust which is, by its terms, " to continue for more than two lives in being at the time of the testator's death; and is repugnant to the provisions of the Revised Statutes, and void, and as the same cannot be sustained in part, must wholly fail." Exceptions to this finding were filed by the guardian of the infant defendant, Huntington Wolcott Merchant, and upon motion being afterward made to the Special Term for final judgment and the confirmation of the report of the referee, each and all of the parties to this action had notice, and again appeared and were heard by their counsel; and the court thereupon ordered final judgment in the action, whereby the said report was, in all things, confirmed, and the said exceptions were disallowed, and the proceeds of the share held as aforesaid by Gardiner H. Wolcott, deceased, was ordered to be paid to his heirs at law, as in cases of intestacy.

This judgment now remains unreversed, and, apparently, in full force, in its effect upon the rights of the several parties thereto.

It is difficult to see why the precise question now addressed to this court was not considered and determined in that case. Whatever may have been the condition of the pleadings in the action, as between the several parties thereto, after the sale of the premises, there arose and was presented to the court a question as to the respective rights as between themselves of the several defendants under the will of Gardiner H. Wolcott,

to share in the proceeds of the sale. This question was referred by the court, and the order of reference distinctly stated the issues which were to be determined by the referee.

The several parties to this action then proceeded to litigate the question of the validity of the trust attempted to be created by this will, and the respective rights of each and every party thereunder.

In determining the rights and interests of the several claimants to the property in question in that action, the court had before them the same parties now appearing here, and in view the same instrument, a construction of which is sought by this action, and were compelled to pass upon each and every question now presented for our consideration.

An adjudication now by this court that any portion of the trust attempted to be created by this will was valid, would be a determination to the effect that so much of the property devised by Gardiner H. Wolcott, as was involved in that action, had been erroneously disposed of thereby, and would lead to the distribution of different portions of the same estate, held under the same title, to entirely different classes of persons.

We can discover nothing in the circumstances or character of the prior adjudication, which deprives it of its lawful effect upon the rights of these parties, as a binding and conclusive determination of the questions which were litigated therein. It seems to contain every qualification necessary to the formation of a conclusive adjudication between the several parties thereto.

It is impossible, we think, to distinguish this case from that of *Demarest* v. *Darg* (32 N. Y. 281), except in the more deliberate and formal character of its adjudication. There the adjudication relied on as an estoppel was rendered in a summary proceeding before a referee appointed to determine the conflicting claims of different parties to a fund, the ownership of which was involved in several actions and proceedings depending between different parties and different courts. It was provided by the order appointing the referee that any one interested in the subject of the reference might be summoned before him, with a view of having all claims thereto finally settled.

The order made by the referee was, upon notice to the parties interested, finally confirmed by the court. It was held that all persons appearing before the referee, and litigating the issues referred to him, were estopped from raising in a subsequent action any of the matters determined upon such reference. It was also held that no difference in the application of the rule of *res adjudicata* existed between an adjudication in a formal action, or in a proceeding which was summary in its character.

It follows also from the decision in that case that an adjudication upon conflicting claims between several defendants to an interest in the subject of the actions, rendered by the court upon the report of a referee authorized to report on such claims, is equally conclusive as between such respective defendants who appeared and litigated their claims as it would have been in the case of a similar issue between the plaintiffs and defendants.

The case of *Demarest* v. *Darg* was based to some extent upon *Supervisors of Onondaga* v. *Briggs* (2 Denio, 33), and was approved in *People, ex rel. Hatzel,* v. *Hall* (80 N. Y. 127), and *Brown* v. *Mayor, etc.* (66 id. 391). It was said by Judge EARL in the latter case : " When a matter in controversy between parties has been submitted to a competent judicial tribunal, its decision thereon is final between the parties until it has been reversed, set aside or vacated ; and the rule of *res adjudicata* applies not only to the judgments of courts, but to all judicial determinations, whether made by courts in ordinary actions, or in summary or special proceedings, or by judicial officers, in matters properly submitted for their determination."

We think, therefore, that the former adjudication precluded the courts below from again considering and deciding the questions presented in this case, and that the judgment rendered by them, giving a construction to the will in question so far as it was appealed from, should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment accordingly.