Daniels, J.
—The plaintiff, as the surviving executor of the estate'of John Shepard, brought this, action to obtain the construction of a part of the seventh paragraph of the testator’s will. This paragraph, so far as it is to be affected by this action, is in these words : I give and bequeath to my said executors the three lots of ground situated on avenue B, corner of Fourth street, held by me on lease from Hamilton Fish, trustee of the separate estate of Elizabeth S. Morris, subject to a ground rent of $800 per annum, payable half yearly, upon the following trusts, viz.: to collect the rents, issues and profits arising from said leasehold property, and after the payment of the semi-annual ground rent and the annual city taxes and Croton water rent, and all other incumbrances and repairs of the buildings, tor divide the surplus moneys remaining in their hands among my grandchildren, the issue of my two sons, James G. Shepard and George W. Shepard, and my daughter Lorena Allen, share and share alike, and to invest the same in some good savings bank or other safe investment until the-children shall arrive at the age of twenty-one years.
I give, devise and bequeath all the rest, residue and remainder of my real and personal estate of every name and nature whatever to my said wife Frances M. Shepard, and my said daughter Lorena Allen, to be divided equally between them, share and share alike.
The complaint was dismissed at the trial, with costs, for the reason that this portion of the will had been before the surrogate of the county of ¡New York on two different occasions, when it had received the construction deemed by him to be required by it, as to the executors’ duties in receiving and distributing the net rents and profits of this part of the testator’s estate. It has, however, been insisted that as the proceeding before the surrogate on both occasions was to settle the executor’s accounts, that ¡he was not authorized to place the construction which he did upon, that part of the will.
*563 And it may be, if exceptions had been taken to his decision and an appeal brought from the decrees, particularly the latter one, that it might have been so considered by an appellate court. But no exceptions were presented to either of the decisions, and no appeal taken from either decree. And as all the parties to the present action were before the surrogate, the decrees were binding upon them. The surrogate had jurisdiction to determine by construction what was the effect of this portion of the will. And the fact that he may have erred, or may have exercised the power of construction unnecessarily on either of these two hearings, will not permit the appellants to disregard the decisions which were made. On the contrary, as he had jurisdiction over the proceeding and over the parties, the decrees which were made are final and binding when brought in question in this collateral manner. So much certainly follows from the principle which has been maintained and applied in this class of controversies. Leavitt v. Wolcott, 95 N. Y., 212; Pray v. Hageman, 98 id., 351.
There was no error, therefore, in the court concluding at the trial that the duties of the executors, under so much of this paragraph as created a trust, had been defined, declared and settled by the decrees of the surrogate.
But if they should not be considered so far binding upon the parties, no reason appears for dissenting from the construction given by him to this part of the will. By that construction the executors were directed to pay over to the beneficiaries his or her individual share of the rents and profits of the leasehold estate, upon their respectively attaining the age of twenty one years, and to continue the investment of the remaining shares as they respectively accrued as directed by the will. This complied with the provisions of the statute forbidding the accumulation of the rents and profits beyond the minority of the person for whom it should be directed. 2 R. S. (6th ed.), 1103, § 37, 1167, § 3, and complied with what the testator probably intended by this direction in the will.
It has, however, been further objected that the decrees of the surrogate failed to direct or determine the disposition that should be made of the leasehold estate after the termination of the trusts. That strictly was no part of the functions or authority vested by the will in the executors. No direction was given to them concerning the disposition of this leasehold interest, but their obligations and duties necessarily would come to an end on the arrival of the youngest child at the age of twenty-one years. And no such direction was required for the disposition of this remainder. They were to do nothing with it, and had no concern over it after the directions of the will concerning *564 the disposition of the rents and profits should be entirely fulfilled.
So far as they were concerned, therefore, the decrees of the surrogate did include the entire trust, and when they should terminate, the will itself plainly directed what should be done with the remainder. And that was that it should go to the widow of the testator and to his daughter Lorena Allen. By the preceding portions of the will no attempt whatever had been made to dispose of this remainder. It was neither by express direction nor by implication given to or vested in the executors. All that they were to do was to execute the trusts, and to a, corresponding extent only the leasehold interest was given to them. But, subject to the execution of the trusts the estate was included within this general residuary direction. For such a clause, where no preceding disposition has been made of the property in question, has been generally held to carry “with it not only the property of the testator in which no interest is devised or bequeathed by other parts of the will, but also all reversionary and contingent interests in property which in the events contemplated by the testator are not otherwise disposed of.” Craig v. Craig, 3 Barb. Chy., 77, 101; Van Kleeck v. Dutch Church, etc., 20 Wend., 457, 481.
And as the widow conveyed her interest to her daughter, Lorena Allen, and she is since deceased, this remainder must necessarily vest in the parties to the action who, were her heirs at the time of her decease.
The will of the testator is quite plain and free from ambiguity in these respects. There was accordingly no necessity whatever for this action, but the judgment should o be modified as already indicated, and as so modified affirmed without costs of this appeal.
Van Brunt, P. J., and Bartlett, J., concur.