Haight, J.
This action was brought to recover the value of a quantity of oil, alleged to be the property of the plaintiff, and to have been converted by the defendant. It appears from the evidence that the oil in question was the product of a well drilled by one William Stephan; that it was run into the lines of the defendant for storage; that William Stephan and Mary Stephan were the owners in fee of a farm of about two hundred acres of land, situate in the town of Allegany, Cattaraugus county, and that the plaintiff was in possession of seventy-five acres thereof under a lease for oil purposes; that at the time Stephan commenced operations for putting down the well he was notified by the plaintiff that he was upon the lands occupied by him under the lease, and that he must cease and refrain from putting a well down at that place; that Stephan disregarded the notice and caused the well to be dug, and claim ed the oil produced therefrom; that the plaintiff then gave notice to the defendant of his rights and claim in reference to the oil, and demanded that it should then be turned over to him, which was refused, the defendant having been indemnified by Stephan.
It further appears from the evidence that after the completion of the well, and in April, 1879, William and Mary Stephan commenced an action in this court against this plaintiff, charging and alleging in their complaint that they had put down the well upon their own land for their own personal benefit and advantage, and that the defendant in, *705 that action, the plaintiff in this, is asserting and claiming to own and claiming and asserting acts of ownership over it and the production thereof, and claiming that the well is included in and is upon the lands leased to him. They demanded judgment that it be decreed that the well was upon their lands and not upon the land occupied by the defendant in that action under the lease, and that he be required to pay damages by reason of his unlawful assertion and his acts of ownership over the well and oil produced therefrom. The answer in that action denied that the well was upon the land owned and occupied by the plaintiffs, and alleged that it was upon the lands occupied by the defendant therein under his lease, and demanded judgment that the complaint be dismissed.
The case was tried before a referee, who reported in favor •of the defendant in that action, finding as a fact that the well was located upon the lands occupied by him under his lease and that the complaint should be dismissed. ’ From the judgment entered upon the report an appeal was taken to the general term and the judgment affirmed.
Upon the trial of this action that judgment roll was offered and received in evidence under the objection of the defendant. The defendant offered to prove the matter set up in answer as a second defense, which was excluded and exception taken. The new matter alleged in the second defense and not appearing in the pleadings in the former case is, in substance, an agreement modifying the terms of the lease by which Stephan was to have one acre out of seventy-five acres occupied by the plaintiff under his lease, on which he put down the well in question and that it was understood and agreed that he might put down the well, and that it was put down with his express permission. All of this matter, however, is alleged to have taken place before the completion of the well, and was consequently before the former action was brought.
The rule is well settled that an allegation on record, upon which issue has been once taken and found and a judgment has been rendered, is, between the parties taking it and their privies, conclusive according to the finding thereof so as to estop the parties respectively from again litigating that fact once so tried and found, whether it is pleaded in bar or given in evidence. Leavitt v. Wolcott, 95 N. Y., 212, 219; Moore v. City of Albany, 98 id., 396, 410.
Abbott on Trial Evidence, at page 828, states the rule as follows: “An adjudication, when used as an estoppel in another action between the same parties upon the same claim or demand, is conclusive not only as to every matter which was offered and received to sustain or defeat the *706 claim or demand, but as to every other admissible matter which might have been offered for that purpose.”
In the case of Cromwell v. The County of Sac (94 U. S., 351), the rule is stated in substance, the same as by Abbott, and the distinction is given between a judgment in bar and one by estoppel. In the case of a bar, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controvesy, concluding the parties and those inprivity with them, not only as to every matter which was-offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have-been offered for that purpose. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. This action, as we have seen, is not between the same parties, for this action is brought against the United Pipe Lines; but the United Pipe Lines have no claim upon the oil other than its fees for running and storage. It merely received the oil for transportation and storage, and is, therefore, a privy of the Stephans. So that the effect is-the same as if the action was between the same parties. The question then is whether the issue in this action is the same as that in the former action. The question is over the' ownership of the oil. That depends upon whether the oil was produced from the lands of the Stephans or those of the plaintiff, and this was the identical question that was at issue, litigated and determined on the former trial. That action was brought for the purpose of determining who were the owners and entitled to the oil, for as to the well itself, it has no value of consequence aside from its productions. The new matter alleged in the defendant’s second defense only bears upon the issue of the ownership of the well, and this evidence, if such exists, should have been produced upon the former trial. A party cannot be permitted to try his case in piece meals, for if so, no judgment could become a bar. It follows that the jndgment in the former action was not only competent, but conclusive evidence, and that the referee properly refused to again try the question of the ownership of the well.
Again, it is contended that because the oil was ran into the pipe lines and tanks of the defendant and there commingled with other oils, that its identity is lost and that this action cannot be maintained. The oil, however, produced from different wells in the same locality is about of the same grade and value. It is a fluid, and is therefore, separable in respect to the quality and quantity by weight- *707 or measurement; and the rule is, that in such cases, the owner may maintain assumpsit for the value of the goods or trover after a demand and refusal to deliver. (2 Schouler’s Personal Property, 48; Stall v. Wilbur, 77 N. Y., 158; Rider v. Hathaway, 21 Pick., 298; Lobdell v. Stowell, 51 N. Y., 70.)
Upon the trial the defendant offered to show the cost for digging the well and producing the oil. This action, however, is maintained upon the theory that the Stephans were trespassers and proceeded with the well after notice to quit. Under the circumstances disclosed, the defendant, though a privy, can not recover for expenses incurred by the Stephans.
The judgment should, therefore, be affirmed.
Smith, P. J., Barker and Bradley, JJ., concur.