## Frauenthal's Appeal.

1. Where upon the trial of a cause, negotiations leading to the entry of a verdict and judgment by consent, are conducted by one of the counsel of each of the respective parties openly in court where all are present, the party in whose favor the verdict and judgment are entered

[Frauenthal's Appeal.]

cannot repudiate the terms under which they were offered and accepted, and at the same time enjoy their benefit.

2. Where the defendant in a judgment obtains a rule to show cause why execution thereon should not be stayed, and after depositions are taken the rule is discharged, said defendant cannot subsequently upon proof of substantially the same facts appearing in the depositions on the rule obtain relief by injunction in equity. The principle of res adjudicata applies in such case.

3. The fact that the defendant has in the first instance had recourse to a method of procedure not reviewable in a higher court, does not vary the rule above laid down.

4. Gordinier's Appeal, 8 Norris 528, approved and followed.

April 11th 1882. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Appeal from a decree of the Court of Common Pleas of *Luzerne county :* Of January Term 1881, No 227.

This was an appeal by Samuel Frauenthal from a decree of the said court perpetually enjoining the appellant from collecting a judgment held by him against A. B. Weil.

Bill in equity, wherein A. B. Weil was complainant and Samuel Frauenthal defendant.

The bill set forth, that the plaintiff Weil was indebted to the defendant, Frauenthal, on the first of March 1870, in the sum of about seven hundred dollars, for arrears of rent due from him as lessee of Frauenthal. That Frauenthal levied the same by distress of Weil's goods, whereupon Weil issued a writ of replevin for the said goods. That subsequently Weil went into voluntary bankruptcy, and obtained his discharge. That subsequently the replevin suit came on for trial, and then it appeared that Weil's indebtedness for rent was discharged by the said bankruptcy, and therefore Frauenthal could recover nothing from him; but he was induced, by the agreement of Frauenthal not to collect it out of him, to permit a verdict and judgment to be entered against him, so that Frauenthal might collect from his sureties a claim for which he himself was not liable. That Frauenthal subsequently violated this agreement by issuing execution.

The bill therefore prayed an injunction to restrain defendant from enforcing execution upon the said judgment.

Frauenthal filed an answer denying that any discharge in bankruptcy was presented or pleaded in the replevin suit; and also denying that any such agreement as alleged in the bill was made. It also averred that the identical case set up in the bill had been heard, and decided upon a rule to show cause why execution should not be stayed in the replevin suit, and that it was therefore *res adjudicata.*

The case was referred to G. R. Bedford, Esq., as examiner

and master who found the facts to be substantially as averred in the bill. He also reported that the negotiations leading to the agreement in question were conducted on the trial of the replevin suit by one counsel on each side, and that judgment was entered with the distinct understanding that execution was not to issue against the complainant. The design was only to fix the liability of Lowenstein and Bergold, complainant's sureties. Lowenstein assented to the agreement and the entry of the judgment, but Bergold was not consulted.

The master further reported that after the entry of the judgment a fi. fa. issued against complainant and that complainant thereupon obtained a rule to show cause why the execution should not be stayed. Depositions were taken showing substantially the same facts adduced in evidence before the master, but the rule was discharged. Subsequently said rule was reinstated and again discharged.

Before the master, respondent contended that the allegations of the bill were not sustained by the evidence; that the agreement of counsel was beyond their powers, inasmuch as judgment should have been entered against complainant, at any rate, the discharge in bankruptcy not constituting a defence to a claim for rent; and further that the bill should be dismissed upon the principle of res adjudicata as the matters in controversy had already been passed on and decided under the proceedings to set aside the execution issued upon the judgment in the replevin suit.

The master was of opinion, however, that the allegations of the bill were sufficiently proved, that the agreement was binding and that the principle of res adjudicata could not be invoked. He therefore reported a decree in accordance with the prayers of the bill. Exceptions were filed to the report which were dismissed by the court in an opinion by WOODWARD, J., and a decree was entered in accordance with the prayers of the bill. Samuel Frauenthal thereupon took this appeal, assigning for error the decree of the court.

*A. Ricketts* for appellant.—The debt for rent was discharged by the distress, Quinn *v.* Wallace, 6 Whart. 452. It was not provable in bankruptcy: United States *v.* Rob Roy, 13 Bank Reg. 235.

But even if it had been a provable debt, the discharge was of no avail against it unless duly pleaded; and not having been pleaded, and judgment having been obtained after trial and verdict subsequent to the discharge, it was of no avail: Stewart *v.* Colwell, 12 Harris 67; Clarke *v.* Hoppe et al., 3 Taunt. 45; Kellogg *v.* Schuyler, 2 Denio 73; Campbell *v.* Palmer, 6 Cowen 596; Cross *v.* Hobson, 2 Caines 102; Valkenburgh *v.*

[Frauenthal's Appeal.]

Dederick, 1 Johns. Cas. 133 ; Mechanics' Bank v. Hazard, 9 Johns. Rep. 392.

The agreement in question was outside the scope of counsel's authority : Huston v. Mitchell, 14. S. & R. 307 ; Dodds v. Dodds, 9 Barr 315 ; Willis v. Willis, 2 Jones 159 ; Stackhouse v. O'Hara's Ex., 2 Harris 88 ; Stokely v. Robinson, 10 Casey 315 ; Housenick v. Miller, 8 W. N. C. 346 ; Swinfen v. Lord Chelmsford, 5 H. & N. 890.

This matter was fully disposed of upon rule to show cause why execution should not be stayed, and is res adjudicata. This point was expressly decided in the recent case of Gordinier's Appeal, 8 Norris 528.

*Henry A. Fuller*, for the appellee.—The doctrine of res adjudicata has no application :   Gordinier's Appeal, 8 Norris 528 is clearly distinguishable.   There the rule was to show cause why plaintiff should not be enjoined from issuing an execution, precisely the relief sought by the subsequent bill in equity.   Moreover Gordinier's Appeal is opposed to the current of authority : Wistar v. McManes, 4 P. F. S. 318 ;  Simson v. Hart, 14 Johns. 63 ;  Williams v. Butcher, 1 W. N. C. 304 ;  Pauli v. Commonwealth, 7 W. N. C. 396.

Error does not lie to the refusal of a court to set aside an execution upon motion ; Neil v. Tate, 3 Casey 208 ; Gordonier v. Billings, 27 P. F. S. 498.

" A party may be restrained by injunction from asserting in an action at law, or from setting up some right or title, from the enforcement of which he ought to be estopped in equity by some previous action or conduct on his part." Bispham on Equity, §§ 407, 409, 410 ; Earl of Oxford's case, 2 Leading Cases Eq. (White and Tudor, 5th ed.) 590 ; Cochran v. Eldridge, 13 Wr. 365 ; Wistar v. McManes, 4 P. F. S. 318 ; Cases cited in 3 Wait, Actions and Defenses 179 ; Duncan v. Lyon, 3 Johns. Ch. 356 ; Carrington v. Holabird, 17 Conn. 530 ; Pearce v. Olney, 20 Conn. 553 ; Marine Ins. Co. v. Hodgson, 7 Cranch 336 ; Story's Equity 173.

Weil has a full and sufficient defense to the claim for rent by reason of his bankruptcy, but was induced to allow judgment to be entered for a special purpose. An attempt is now made improperly to use said judgment, which a court of equity should restrain by injunction.

Mr. Justice MERCUR delivered the opinion of the court, October 2d 1882.

This is an appeal from a decree perpetually enjoining the appellant from collecting a judgment against the appellee.

The substantial ground for relief charged in the bill is that

the verdict against the appellee, on which judgment was entered, was obtained under an agreement that it should not be enforced against him. The answer of the appellant, inter alia, denies that any such agreement was made. The master found that the negotiations which led to the verdict were conducted by one counsel of each of the respective parties, openly in court where all were present; and that the appellant and others of counsel for him did not participate in the negotiations; and that it was not understood by any of the parties to the negotiations that the judgment could be or would be collected out of the appellee; but was taken only to lay grounds for subsequent proceedings against one Lowenstein on the replevin bond. The action in which the judgment was entered, was one of replevin in which the appellee was plaintiff, and Lowenstein and Bergold were his sureties. He further found that Lowenstein was conferred with and consented to the arrangement. Bergold the other surety was not present, and it is not claimed that he had any knowledge thereof. The counsel were not then aware that the latter was a surety. Conceding the evidence does not prove an agreement in express words, that the judgment should not be collected of the appellee, yet it is sufficient to justify the finding of the master and the court that such was the understanding of the parties to the arrangement. In truth this understanding appears to have been the main cause which induced the appellee to consent to the verdict. The cause then having been settled under the mutual understanding of the parties that the judgment should not be collected of the defendant therein, there was such an assent of the two minds as to give to the arrangement the binding force of an express agreement. The appellant cannot repudiate the terms under which the verdict was offered and accepted, and at the same time enjoy its benefits.

Further objection is made to the decree based on other and undisputed evidence. After judgment was entered on the verdict, a fi. fa. issued thereon against the appellee, and a levy was made on his property. Thereupon he obtained a rule to show cause why the execution should not be stayed. The master finds that on the hearing of that rule, substantially the same facts now proved and found by him, were then shown by depositions, and the rule was discharged. After the filing of this bill, the rule was reinstated and again discharged. The question, therefore, is whether the matter was not, by the decision on the rule, res adjudicata, before the bill was filed? The appellee claims, and the court below has held, that, after the decision on the rule adverse to the defendant in the judgment, he may again have the case heard on the same evidence, by bill in equity. The authorities bearing on this question are not in

harmony. We will refer to some of them, and the reasons on which we think they rest.

In Simson v. Hart, 14 Johns. 63, it was declared that the decision of a court of law upon a summary application to its equity, is not such a res adjudicata as to preclude chancery from examining the question. This case, and Arden v. Patterson, 5 Johns. Ch. 44, and Bromley v. Holland, 7 Ves. 3, to the same effect, were cited in Wistar v. McManes, 4 P. F. Smith 318, and the correctness of the rule affirmed. No notice appears to have been taken of the fact, that in New York as well as in England, separate courts of chancery then existed, and the equity powers of the common law courts were confined to narrow limits. Again, in Williams v. Butcher, 1 W. N. 304, in quashing a writ of error taken to the refusal of the court to set aside a test. fi. fa., the opinion expressly assumes the right of the defendant to afterwards proceed by audita querela. This, however, was a dictum. The question was not argued, and did not arise in the case.

In Gordinier's Appeal, 8 Norris 528, the direct question was before us, and was the only one in the case. The plaintiff had obtained a conditional verdict in ejectment. The conditions not appearing to have been complied with, the plaintiff issued a writ of habere facias possessionem. On application of the defendant, the court stayed it, and granted a rule to show cause why the plaintiff should not be enjoined from issuing such writ. The defendant alleged he had substantially complied with the verdict. Depositions on each side were taken, a hearing had, and the rule was discharged. Afterwards the defendant filed his bill in equity, alleging substantially, but more at large, the same grounds of relief averred in his affidavit on which the rule to show cause had been granted. The master to whom the case was referred, reported in favor of dismissing the bill, on the ground that the question raised was res adjudicata. The court below sustained the report in an able opinion, and decreed accordingly. On appeal therefrom to this court, the decree was affirmed upon the opinion of the court below. A reference to that opinion shows the reason on which it was based. It is that when the defendant filed his affidavit and obtained the rule to show cause why the plaintiff should not be enjoined from issuing his writ, he appealed to the equity powers of the court and prayed for the same measure of relief that he asked for in his bill. Inasmuch, then, as the case had been fully heard on the rule, and the court then had ample power to grant the desired relief, and it had been refused, that a bill in equity could not afterwards be entertained on the same grounds. He declared the defendant had his choice of remedies by motion or bill. Having elected to proceed by motion

and failed, he could not afterwards sustain a bill. If this were not so, a court of competent jurisdiction would have to hear the same matter twice. Therefore, he applied the rule that the judgment or decree of a court of justice upon a legal or equitable issue, within its jurisdiction, is binding and conclusive upon all other courts of concurrent power.

If we adhere to the last decision of this court, it is fatal to the bill. Why shall we not so adhere? Under our system of jurisprudence the courts of common pleas have full equity powers. Many of them may be invoked either by motion and rule or by bill. In those cases where it is optional for a party to elect in which manner he will apply for the exercise of those equitable powers, and he does so elect, and the court, with full power to grant the desired relief, after full hearing, refuses it, why shall not the decision be conclusive? The fact that he selects a form of proceeding which a higher court cannot review, constitutes no reason why he shall not be concluded by the decision. Whether the application to enjoin against issuing execution be by motion and rule, or by bill, the relief is sought through the exercise of the equitable powers of the court alone, and not through the intervention of a jury.

The appellee in this case made his election. He submitted his alleged grievance to a court of competent jurisdiction. He had his day in court. The identical matter was adjudged against him. *Interest reipublicæ ut sit finis litium*

Decree reversed and bill dismissed at the costs of the appellee.