## Haneman, Appellant, *v.* Pile et al.

*Res adjudicata—Equity—Judgment.*

Where a party has been heard, or has had the opportunity of being heard in a court of law, even though his claim or defence be an equitable one, he cannot be re-heard on a bill in equity.

Where a rule to set aside a judgment, and a sale thereunder, has been discharged, the defendant cannot be heard as to the same matters on a bill in equity.

*Equity—Pleading—Deed.*

Where the plaintiff in a bill in equity rests his title upon a deed, he must either annex a copy of the deed to the bill, or refer to it by place of record.

Argued April 4, 1894.  Appeal, No. 317, Jan. T., 1894, by plaintiff, Charles Haneman, from decree of C. P. No. 1, Phila. Co., June T., 1893, No. 1342, dismissing bill in equity against defendants, Charles H. Pile and J. Dickinson Sergeant.  Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.  Affirmed.

Bill in equity to set aside judgment and sale thereunder, and to enjoin action of ejectment.

The bill averred:

" 1.  That as to the premises situated in the Twenty-fifth ward of the city of Philadelphia, bounded as follows : . . . . a certain ground rent of $220 per annum was created by ground-rent deed, made by Daniel McClelland to Harry Conrad, dated Jan. 1, 1852, recorded, etc.  That by deed dated March 10, 1854, recorded, etc., the said Harry Conrad assigned said ground rent to J. Dickinson Sergeant.

" 2.  That in the year 1868 the premises above described were a public common, uninclosed and partly under water, and in said year one George Foerst took possession of said premises,

fenced them in, and cultivated the same as a truck garden, and continued to cultivate and occupy said premises continuously until the year 1878, when the said George Foerst gave possession of said premises to his son, Albert P. Foerst, who, with his father's consent, took possession of said premises in the year 1878, and thereafter continued to cultivate and occupy said premises until the time of his death on April 10, 1893. The said Albert P. Foerst left surviving him his widow, Mary Foerst, who, by deed dated May 10, 1893, conveyed all her right, title and interest in said premises to her uncle, Charles Haneman, who, on May 10, 1893, took possession of said premises, and has continued to occupy and cultivate the same until the present time, and he is now in possession thereof. The said George Foerst took possession of said premises in the year 1868, without title derived by him in any way from any person having the legal title thereto, and the possession of said premises held by him and by the said Albert P. Foerst, both together, was open, uninterrupted, adverse and continuous for a period of over twenty-one years, dating from 1868.

" 3. That on Oct. 31, 1892, a summons covenant assumpsit issued out of No. 1, Sept. T., 1892, No. 512, at the suit of the said J. Dickinson Sergeant against Daniel McClelland, upon a præcipe filed in said cause, in which it was claimed that sixteen and one half years' ground rent were in arrears to July 1, 1892. The summons was returned 'nihil habet.' An alias summons in said suit issued Nov. 11, 1892, the sheriff's return to which is as follows: 'Served by posting, Nov. 21, 1892, ten days previous to the return day, a true and attested copy of the within writ upon a conspicuous part of the premises described in a certain paper hereto annexed, there being no tenant in possession thereof, and by advertising the same once a week for two successive weeks, etc., and nihil habet as to defendant.'

" That on Jan 20, 1893, judgment was entered in said cause for want of an appearance on two returns of 'nihil habet,' and same day damages assessed at $3,630." After fi. fa. and vend. ex. the premises were sold to Chas. H. Pile for $200, and sheriff's deed made March 11, 1893.

" That on May 23, 1893, a rule was granted in said cause to show cause why said sheriff's sale should not be set aside and the judgment opened, and the terre tenant allowed to intervene

and defend, which rule was discharged by the court, June 17, 1893, after argument.

"That on or about March 15, 1893, a notice to quit said premises in three months was served upon Albert P. Foerst, who, at said time, was, and for several years previous had been, in actual physical possession of said premises.

"And on June 19, 1893, a writ of summons in ejectment issued out of C. P. No. 2, of Phila. Co., June T., 1893, No. 129, at the suit of the said Charles H. Pile against Charles Haneman (your orator), who, at said time, was in actual physical possession of said premises.

"4. Your orator avers that Albert P. Foerst, who was in possession of said premises in November, 1892, had no actual notice or knowledge whatsoever that any proceedings were pending by virtue of said suit of said J. Dickinson Sergeant against Daniel McClelland until the time of service of said notice to quit possession of said premises, which was on or about March 15, 1893, and until said notice was served the said Albert P. Foerst and his father, George Foerst, occupiers of said premises, had no actual notice or knowledge whatsoever that any ground rent was secured upon said premises in any way.

"5. Your orator further avers that the sheriff's return to said writ of alias summons issued in said suit, as above recited, is absolutely false in fact. Your orator avers that no copy of said writ was at any time posted upon any part of said premises. The buildings erected on said premises consist of a frame barn and of a frame dwelling, which was occupied by the said Albert P. Foerst continuously from 1878 until the time of his death in April, 1893, and at the same time mentioned in said writ, to wit, Nov. 21, 1892, the said Albert P. Foerst was in physical possession of said premises, and at said time actually was residing in said dwelling, and confined to his bed with paralysis, which ultimately resulted in his death.

"Your orator further avers that the sheriff's return to said writ of vend. ex. is absolutely false in fact, in that no copy of any handbill was ever at any time in the course of said suit posted upon any portion of said premises.

"Your orator avers that the said suit, brought to recover said arrears of ground rent, is grossly fraudulent and contrary to the policy of the law of this state. That, for a period of

twenty-one years and upward, prior to the commencement of said suit, no ground rent, as reserved by said deed made by the said Daniel McClelland, had at any time been paid or demanded, from or by any person whatsoever. That, in fact, no ground rent, as reserved by said deed, has ever been paid or demanded, from the time of the creation of said ground rent, in the year 1853. That no receipt, or copy of any receipt, for the payment of ground rent as reserved by said deed, has at any time been recorded in the office of the recorder of deeds of Philadelphia county. That by reason of the premises the principal sum and all arrears of ground rent as aforesaid, are, in law, presumed to be paid. That by reason of the premises said suit could not lawfully be maintained for the collection of any arrears of ground rent, as reserved by said deed.

" 7. Your orator further avers that in the said suit of the said J. Dickinson Sergeant against Daniel McClelland, in C. P. No. 1, Sept. T., 1892, No. 512, the said plaintiff's attorney of record in said suit is Joseph M. Pile, Esq., who bought in said premises at said sheriff's sale on March 6, 1893, and the name of the said Joseph M. Pile appears signed on the sheriff's sales book as said purchaser, individually, and not as attorney. The said Joseph M. Pile well knew, at the time of bringing said suit, that no ground rent, reserved by said ground-rent deed as aforesaid, had been paid for a period of over twenty-one years prior to the commencement of said suit. Your orator further avers that the said Charles H. Pile, who is a brother of the said Joseph M. Pile, at the time of said sheriff's sale, well knew that no ground rent had been paid, as aforesaid, for a period of over twenty-one years, prior to the commencement of said suit, and he participated in said fraudulent sale as aforesaid. That the said Charles H. Pile has no real or pecuniary interest in said premises, and has allowed the use of his name as said purchaser, and in the bringing of said ejectment proceedings, only for the sole use, benefit and accommodation of the said J. Dickinson Sergeant, who is the real and only party in interest therein."

The prayers were : (1) to declare void the judgment for arrears of ground rent ; (2) to set aside the sheriff's sale ; (3) to cancel the sheriff's deed ; (4) to restrain the prosecution of the ejectment suit ; (5) to restrain any attempt to obtain posses-

sion ; (6) to restrain incumbering the premises ; and (7) to restrain proceedings to collect ground rent.

Defendants demurred for the following reasons : (1) Res adjudicata. That it appears by said bill that the premises in question were sold by legal process issued out of this court. That the sale was confirmed and deed made to the purchaser. That the plaintiff has already moved the court to set aside the sale and judgment, and the rule to show cause was, after full hearing, discharged by the court. (2) The plaintiff has shown no title. What is called a deed of May 10, 1893, in the bill, has been neither copied nor referred to by place of record. (3) Plaintiff has shown no ground for the intervention of a court of equity ; an action at law is pending for the possession of the property.

Demurrer sustained and bill dismissed. Plaintiff appealed.

*Error assigned* was above decree.

*Charles L. Smyth*, for appellant, cited : Act of April 27, 1855, § 7, P. L. 369 ; Biddle v. Hooven, 120 Pa. 221 ; Given's Ap., 121 Pa. 260 ; Evans v. Maury, 112 Pa. 300 ; Eckman v. Eckman, 55 Pa. 273 ; Mehaffey's Ap., 4 Penny. 504 ; Thompson's Ap., 107 Pa. 559 ; Wilson v. Getty, 57 Pa. 266 ; Blythe v. Richards, 10 S. & R. 261 ; Michaelis v. Brawley, 109 Pa. 7 ;. Murray v. Weigle, 118 Pa. 159 ; Act of March 26, 1785, 2 Sm. L. 300 ; Sailer v. Hertzogg, 10 Pa. 296 ; Overfield v. Christie, 7 S. & R. 172.

*Joseph M. Pile*, for appellees, cited : Gordinier's Ap., 89 Pa.. 528 ; Schrach v. Zeubler, 46 Pa. 67.

PER CURIAM, May 21, 1894 :

As disclosed by the prayers thereof, this bill was brought,. (1) to set aside as fraudulent and void the judgment entered by the court below, at No. 512 of September term 1892, and all proceedings thereunder, including the sheriff's sale of the premises in question, deed to the sheriff's vendee, etc. ; (2) to perpetually enjoin the said vendee from prosecuting the action of ejectment brought to recover possession of said premises so purchased at sheriff's sale under execution on said judgment ;.

and to restrain said vendee from incumbering said premises; and (3) to perpetually enjoin the ground rent landlord from causing to be brought any proceeding at law for the collection of ground rent, etc.

To this sweeping bill, the defendants demurred, and assigned as causes thereof: (1) Res adjudicata; (2) plaintiff has shown no title; and (3) he has not shown any ground for the intervention of a court of equity.

For these causes, each of which is more fully set forth in the demurrer, we think the court was clearly right in sustaining it. As to the first, it appears by the bill that the premises in question were sold on legal process based upon the judgment entered in the court below; that the sale was made, deed acknowledged and delivered to the sheriff's vendee; that the plaintiff has heretofore invoked the equity power of the court to set aside the judgment, sale thereunder, etc., and after full hearing the rule to show cause, granted at his instance, was discharged by the court; and the decree discharging said rule does not appear to have been appealed from. He has thus had his day in court on matters which constitute the gravamen of his present complaint. The matters on which the controlling averments of the bill are grounded have already been adjudicated, and he has no right to be again heard on the same subjects. The principle of res adjudicata applies with full force in all such cases: Gordinier's Ap., 89 Pa. 528; Frauenthal's Ap., 100 Pa. 290; Given's Ap., 121 Pa. 260. The doctrine of these and kindred cases is that where a party has been heard, or has had the opportunity of being heard, in a court of law, even though his claim or defence be an equitable one, he cannot be re-heard on a bill. Neither can he thus cure a mistake in the trial of an action at law, or a neglect to appeal in time.

The alleged deed of May 10, 1893, referred to in the bill and which appears to be the foundation of plaintiff's title, is neither copied nor referred to by place of record.

The ejectment now pending is an equitable action; and, if the matters set out in the bill have not already been adjudicated, they may be available as a defence in that case, so far as they are relevant and material.

Decree affirmed and appeal dismissed with costs to be paid by appellant.