SEYMOUR v. DU BOIS.

(Circuit Court, W. D. Pennsylvania. April 18, 1906.)

No. 17.

1. JUDGMENT—DECREE AS EVIDENCE OF INDEBTEDNESS—FINALITY.

Complainant in a pending suit petitioned the court for leave to discharge his counsel and to appoint others, and asked that the court make an order fixing the fees to which his counsel were reasonably entitled, and after a hearing, such a decree was entered, making the right of dismissal conditional on payment of the fees, and, on an appeal therefrom by the complainant, was affirmed. *Held*, that such decree was a final adjudication of the amount due from him which would support an action at law for its recovery.

2. EVIDENCE—AUTHENTICATION OF RECORD OF JUDGMENT.

The authentication of the record of a judgment held in substantial conformity to Rev. St. § 905 [U. S. Comp. St. 1901, p. 677].

3. PARTIES—SUIT BY ASSIGNEE—WAIVER OF OBJECTION.

Where plaintiff in an action in a federal court sued upon a claim existing in his own right, of which, by reason of diversity of citizenship and the amount involved, the court had jurisdiction, and also added other claims assigned to him by persons who were also citizens of different states from defendant, the question of the nonjoinder of such persons, as parties, cannot be raised by defendant after trial on a plea in bar; the objection being merely formal and curable by amendment under Rev. St. § 954 [U. S. Comp. St. 1901, p. 696].

On Motion for Judgment on Reserved Question.

Judson Harmon, Frederick Seymour, and Lyon, McKee & Mitchell, for plaintiffs.

W. C. Arnold and Thos. H. Murray, for defendant.

BUFFINGTON, District Judge. This is an action of assumpsit brought by John S. Seymour, a citizen of the state of New York, against John E. Du Bois, a citizen of the state of Pennsylvania, personally and as executor of John Du Bois. From the pleadings and proofs in the case it appears that a bill in equity for infringement of a patent had been brought by John Du Bois against the mayor et al. of the city of New York in the Circuit Court for the Southern District of New York. After the death of John Du Bois, John E. Du Bois, his sole devisee and executor of his will, was substituted as complainant. In March, 1899, following, John E. Du Bois employed as counsel to conduct said cause, H. C. Thurston, and through him John S. Seymour, the plaintiff, his partner Eugene M. Harmon (they being associated in the law business as Seymour & Harmon) and Judson

Harmon. Their employment was to prosecute said cause to completion upon a certain contingent fee, John E. Du Bois making advancement for certain outlays and expenses. In pursuance of said employment counsel conducted the cause until April 26, 1901, when Mr. Du Bois presented a petition to the court setting forth he and counsel could not act in harmony, praying leave to discharge them, and to appoint others in their stead. On June 25, 1901, the petition and the answer filed thereto, were referred to one of the standing masters to report what compensation was reasonable for said counsel. He reported on November 21, 1902, and the exceptions filed to his report were overruled. On November 24, 1902, the court confirmed the report, and made an order, fixing the fees hereafter quoted at length. This order was appealed from by John E. Du Bois to the Circuit Court of Appeals, which court affirmed the same. On return of the mandate of affirmance the Circuit Court on November 21, 1904, made an order as follows:

"Ordered, adjudged, and decreed that said decree be, and the same is, hereby affirmed, with costs to be fixed at $34.20, and that said respondents have execution therefor and that such other and further proceedings be had in this cause as according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding."

Subsequent thereto Eugene Harmon died, leaving John S. Seymour the liquidating and surviving partner of the firm of Seymour & Harmon. Henry C. Johnson also died, and his administrator assigned his share of the award to John S. Seymour as did also Judson Harmon his share. None of these parties were or are citizens of Pennsylvania. On July 10, 1905, the said John S. Seymour brought suit in his own name against John E. Du Bois as above noted to recover the entire amount of said decree; the defendant entered a plea in bar, and on trial, a verdict was rendered for the plaintiff for the full amount of the claim, subject to the opinion of the court upon the points submitted by defendant. Judgment is now moved for by plaintiff on the verdict and by the defendant, non obstante veredicto on the reserved points.

In disposing of these questions the case virtually resolves itself into three questions: First, is the order of the Circuit Court for the Southern District of New York such a final and definitive one that suit can be maintained thereon? Second, is the record of that case so certified as to be admissible in evidence? Third, can the plaintiff maintain this action? Turning to the first question, we note that on April 23, 1901, John E. Du Bois presented a petition to that court setting forth that Henry C. Johnson was his counsel of record in said cause; that Johnson himself employed Seymour & Harmon, who became associated with him in the conduct of the case but not by agreement with Du Bois; that certain disagreements had arisen between Du Bois and Johnson and Seymour & Harmon, and that there was a lack of harmony and confidence such as should exist between client and counsel. The petition prayed for leave to discharge Johnson and that the court make an order fixing "such fees to date to which the said Johnson may be entitled, if anything, in the event of the recovery by your com-

plainant upon final proceedings." To this petition an answer was made by Johnson, Seymour & Harmon and Judson Harmon, all of whom contended that Seymour & Harmon and Judson Harmon had been employed by complainant acting through Mr. Eccles and Mr. Johnson. They all averred their readiness to prosecute the cause, but expressed their consent to retire therefrom and permit the substitution of other counsel if provision were made for their compensation. This petition was heard, and June 25, 1901, the following order was made:

"Ordered, adjudged and decreed as follows, viz.: That this cause is referred to Arthur H. Masten, Esq., one of the standing examiners of this court to take testimony and report promptly what is fair and reasonable amount of counsel fees [including disbursements] for all services of complainant's solicitor and counsel to date. Upon the coming in of said report, order of substitution will be made, conditional upon the payment of said fees. Such payment, however, shall be without prejudice to any additional claim if any which solicitor or counsel may have by reason of the breaking of any contract for further services."

Under this reference the master made report on August 19, 1902, exceptions thereto were overruled and on November 24, 1902, an order of confirmation was entered as follows:

"Ordered and adjudged that the fair and reasonable amount of counsel fees, including disbursements for all services of complainant's solicitor and counsel to June 25, 1901, the date of the order of reference, is as follows:

"To Judson Harmon, $1,000. To Henry C. Johnson, $2,500. To Seymour & Harmon, $7,500, and $1,450 incurred as disbursements by complainant's authority in the employment of Edward E. Quimby as a patent expert; and the order of substitution is made conditional upon the payment of said sums, with interest on each item from June 25, 1901; it is further ordered and adjudged, that there is due from complainant to Seymour & Harmon the sum of $674.50, paid by them for account of master's and stenographer's fees in this proceeding; it is further ordered and adjudged, that there is due to Arthur H. Masten the sum of $387.50, the balance of his fees as master in this proceeding; it is further ordered and adjudged, that upon payment of the foregoing sums the complainant may substitute other solicitors and counsel in the place of his present solicitors and counsel."

This order the complainant, "considering himself aggrieved by the final decree entered on the 24th day of November, 1902," appealed therefrom to the Circuit Court of Appeals, and in his appeal specified as error as follows, inter alia, viz.:

"(9) The court erred in adjudging that a fair and reasonable amount of counsel fees (including disbursements) for all services of Judson Harmon to June 25, 1901, is $1,000; (10) the court erred in adjudging that a fair and reasonable amount of counsel fees [including disbursements] for all services of Henry C. Johnson to June 25, 1901, is $2,500; (11) the court erred in adjudging that a fair and reasonable amount of counsel fees [including disbursements] for all services of John S. Seymour, Frederick Seymour, and Eugene M. Harmon, composing the firm of Seymour & Harmon, is $7,500 and $1,450 incurred as disbursements; * * * (13) the court erred in adjudging that there is due from the appellant to the said Seymour & Harmon the sum of $674.50, or any sum paid by them for account of master's and stenographer's fees."

On November 11, 1904, the appeal was dismissed and the decree of the Circuit Court affirmed.

After due consideration we are of opinion the decree of the Circuit Court thus affirmed was a final and definitive one. In the first place, it was so styled and treated by the complainant, and on that basis he availed himself of the right to have it reviewed by the higher court. The decree was evidently so regarded by that court, and, as such, affirmed: Du Bois v. New York (C. C. A.) 134 Fed. 570. But apart from the status thus given it by complainant, it is clear the decree was, as to its subject-matter, a final one. The complainant elected to discharge his counsel and petitioned the court to fix compensation. This the court has done after hearing the parties. Why, then, is not the decree on that subject-matter final and definitive as between the parties litigant? The court had jurisdiction, all parties appeared, submitted proofs, were heard, and the court determined the contested questions by fixing the amount of fees. Thereafter the contentions of the parties in that subject-matter were merged into a decree, and were not open to question elsewhere as between them. Frauenthal's Appeal, 100 Pa. 290; Demarest v. Darg, 32 N. Y. 281; Heilman v. Kroh, 155 Pa. 1, 25 Atl. 751; In re Ralston's Estate, 158 Pa. 645, 28 Atl. 139; Haneman v. Pile, 161 Pa. 599, 29 Atl. 113; Green v. Bogue, 158 U. S. 478, 15 Sup. Ct. 975, 39 L. Ed. 1061; Stewart v. Ashtabula (C. C.) 98 Fed. 516; City v. Fricke, 6 Phila. 578; Myers v. Kingston Coal Co., 126 Pa. 582, 17 Atl. 891; Rauwolf v. Glass, 184 Pa. 237, 39 Atl. 79. The facts in the case of Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765, are quite analogous to the present one, and the principles there stated as to the conclusiveness of such a proceeding as was had in this case when prosecuted to a degree, commend themselves to us, and establish the finality and effect of such an order. Nor can we see that the fact that payment of the compensation awarded was made a condition precedent to substitution can affect the final character of the decree adjudging compensation to counsel. Du Bois, having a right to discharge his counsel, and having by his petition elected to discharge them, is bound by such election, and will not now be heard to say the relation between them and him is not terminated. The authorities as to a party precluding himself by an election are clear. Droege v. Ahrens Mfg. Co., 163 N. Y. 470, 57 N. E. 747; Seanor v. McLaughlin, 165 Pa. 150, 30 Atl. 717, 32 L. R. A. 467; Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Fowler v. Savings Bank, 113 N. Y. 450, 21 Atl. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Kinney v. Kiernan, 49 N. Y. 174.

We next inquire as to the sufficiency of the certification of the record. In the certificate of the clerk of the Circuit Court of Appeals it is stated:

"That we having inspected the records and files of the United States Circuit Court of Appeals for the Second Circuit, do find certain paper writings there, remaining of record, in the words and figures following, to wit:"

. And the judge certifies:

"I further certify that the seal affixed to the said exemplification is the seal of the United States Circuit Court of Appeals for the Second Circuit and that the attestation thereof is in due form of law."

The certificate of the record from the Circuit Court is in like form. We think these certificates are a substantial compliance with section 905, Rev. St. [U. S. Comp. St. 1901, p. 677] ; Ferguson v. Harwood, 7 Cranch (U. S.) 408, 3 L. Ed. 386; O'Hara v. Mobile, 76 Fed. 718, 22 C. C. A. 512. This leaves for consideration the right of the plaintiff to maintain this suit. In the first place, it will be noted the right of action to the claim of Seymour & Harmon inured on the death of Eugene M. Harmon, to the surviving partner, the present plaintiff. His citizenship and the amount in controversy are such as to vest jurisdiction in this case. Such being the facts, does the further fact that the plaintiff has taken an assignment of the claims of the two other counsel and included them in his demand necessitate entry of judgment non obstante veredicto in favor of the defendant? Now the character of the plaintiff's claim, that part of it was assigned, that copies of such assignment accompanied, all this appeared in the statement. To this statement defendant entered a plea in bar. The court, having, as noted above, jurisdiction by virtue of the citizenship of the plaintiff and the amount of the particular claim he had as surviving partner, will the defendant, after a plea in bar, be permitted to raise the question of the nonjoinder of those who assigned their claims? It will be observed that if the joinder of these parties was essential that under the liberal provisions of section 954, Rev. St. [U. S. Comp. St. 1901, p. 696], they could be added as parties plaintiff and their citizenship would not defeat the jurisdiction of the court. Moreover, the question whether the assignee of a chose in action shall sue in his own name or that of his assignor is a mere technical question of process (Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104; Glenn v. Marbury, 145 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790), and that nonjoinder of the assignor is a mere matter of form, and as such amendable, is clear (Robertson v. Reed, 47 Pa. 115; Kaylor v. Shaffner, 24 Pa. 489) ; and nonjoinder should be raised by a plea in abatement or demurrer; it cannot be raised by a plea in bar (Smith v. Latour, 18 Pa. 243; Haldeman v. Martin, 10 Pa. 369; Deal v. Bogue, 20 Pa. 228, 57 Am. Dec. 702; Witmer v. Schlatter, 2 Rawle [Pa.], 359; Porter v. Cresson, 10 Serg. & R. [Pa.] 257).

In accordance with these views, the motion of the plaintiff for judgment on the verdict is granted; that of the defendant is denied.